UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

No. 12-20225

District Judge Paul D. Borman
Magistrate Judge R. Steven Whalen

CHARLENE JANSEN,

        Defendant.

_____/

**REPORT AND RECOMMENDATION**

On June 17, 2013, Defendant Charlene Jansen pled guilty to one count of Conspiracy to Manufacture Methamphetamine, 21 U.S.C. §§ 841(a)(1) and 846.  On October 1, 2013 she was sentenced to a term of 60 months imprisonment, to be followed by a three term of supervised release.  Before the Court are her motion for reduction of sentence pursuant to 18 U.S.C. § 3553(a)(2)(D) [Doc. #276], and her motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Doc. #291], which have been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).  For the reasons that follow, I recommend that both motions be DENIED.

**I.   FACTS**

Defendant pled guilty, pursuant to a Rule 11 plea agreement, on June 17, 2013. Judgment of sentence was entered on October 9, 2013 [Doc. #219].  The Sentencing

Guidelines range from the Sentencing Table was 292 to 365 months, which exceeded the statutory maximum; therefore the Guidelines range was 240 months. Prior to sentencing, the government filed a motion for downward departure under § 5K1.1 of the Sentencing Guidelines [Doc. #208], which the Court granted, sentencing Defendant to 60 months.

On September 17, 2014, Defendant filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(2) [Doc. #236], which the Court denied on November 30, 2015 [Doc. #269]. On February 1, 2016, she filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3553(a)(2)(D) [Doc. #276], and on September 12, 2016, she filed a motion to vacate sentence under 28 U.S.C. § 2255 [Doc. #291].

## II.  DISCUSSION

Underlying both motions is Defendant's desire for consideration for an earlier release, via a reduced sentence, in recognition of her accomplishments while incarcerated, including in the areas of education and substance abuse rehabilitation. § 3553(a)(2)(D) lists "provid[ing] the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner" as a factor to be considered in imposing sentence. However, the Court already took that into consideration in imposing a sentence of 60 months, well below the Guidelines range of 240 months. *See* Judgment [Doc. #219], Pg. ID 769 ("The Court recommends placement at a facility that offers the Comprehensive Drug Treatment Program offered by the Bureau of Prisons"). There is no factual or legal basis to reconsider the sentence under §

3553(a)(2)(D).

Defendant states that her § 2255 motion is based on "Amendment 794 mitigating role reduction and/or removal of any or all enhancement...." [Doc. #291, Pg. ID 966. Amendment 794, effective date November 1, 2015, altered Application Note 3(A) of U.S.S.G. § 3B1.2, and "provide[d] additional guidance to sentencing courts in determining whether a [3B1.2] mitigating role adjustment applies." U.S.S.G. app. C, amend. 794 (2015). However, even if it were substantively applicable to Defendant, this amendment is not retroactive to her 2013 sentence. *See Klosowski v. United States*, 2016 WL 6696023, at *1 (E.D. Mich. Nov. 15, 2016)("Amendment 794 has not, however, been held to be retroactive on collateral appeal.").

In addition, although Defendant brings the motion under § 2255, it is more properly construed as having been brought under 18 U.S.C. § 3582(c)(2). In *United States v. Brooks,* 2018 WL 3972198, at *1 (E.D. Mich. Aug. 20, 2018), the Court explained:

> "As an initial matter, although Brooks brings her motion pursuant to 28 U.S.C. § 2255, it is properly construed under 28 U.S.C. § 3582. '[W]hen the motion argues that sentencing guidelines have been modified to change the applicable guidelines used in the defendant's sentencing[,] then the motion is rightly construed as a motion to amend sentencing pursuant to § 3582.... On the other hand, when a motion ... otherwise attacks the petitioner's underlying conviction or sentence, that is an attack on the merits of the case and should be construed as a § 2255 motion.'" (quoting *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007).

*See also United States v. Fowler*, 2018 WL 834615 at *2 (E.D. Tenn. Feb. 12, 2018)

(construing § 2255 motion based upon Amendment 794 as a § 3582 motion). However, this Court has already denied Defendant's § 3582 motion, and the present motion is well past the 14-day period for filing motions for rehearing or reconsideration. *See* E.D. Mich. L.R. 7.1(h)(1).

Finally, Defendant has been released from custody and is on supervised release. *See* Doc. #296 (order modifying conditions of supervised release to include placement at a Residential Reentry Center for up to 180 days). Therefore, apart from issues discussed above, her request for sentencing reduction or reconsideration is moot.

### III.   CONCLUSION

I recommend that Defendant's motions [Doc. #276 and #291] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: July 1, 2019

### CERTIFICATE OF SERVICE

I hereby certify on July 1, 2019, that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on July 1, 2019.

s/Carolyn M. Ciesla
Case Manager to
Magistrate Judge R. Steven Whalen
